WRIGHT, J.
The evidence is from the plaintiff’s own witness, and will not be ruled out. The motion for a n'on suit is overruled. The evidence'is not conclusive of the fact of partnership — the jury ■can act upon it. The testimony is, that he understood, from being in and out, that the plaintiff was a partner.
Much evidence was then introduced by the parties touching their accounts, and of the declarations of the parties at various times as to the partnership. The defence gave in evidence a receipt from the plaintiff in full of all demands, and gave evidence that when the Hemisphere was established the parties were in partnership; but the plaintiff became embarrassed, when they came to an understanding, and the receipt was given to keep up the appearance of a dissolution, and to prevent the plaintiff’s creditors from attach- [765 ing the property.
The plaintiff in rebutting, called a witness, in reference to an order on Kesling, transferred to the Cincinnati type foundry, and that Gilbert said he was to account to the plaintiff for it when paid, ■and that it had been put in suit.
WRIGHT, J. The party is only proving the fact of the existence of the order and its transfer, to introduce the declarations of the defendant, that he was to account. He is not seeking to prove the contents of a writing kejjt back. Admitted.
Kirby and G. Swan, for the plaintiff, argued to the jury, and
Gilbert and O. Parish contra.
WRIGHT, J. It is competent to correct a mistake in the receipts in the amount, and to show the real state of the transaction, and if it shall turn out, that upon controversy about the amount due, a receipt was given for a certain sum in full to settle, that will conclude the parties. The evidence may be given.
WRIGHT, J. to the jury. If the plaintiff was in partnership-with the defendants when the suit was brought in the matter in. controversy, he cannot recover. But if a dissolution-took place before suit, and the partnership transactions were settled, and a. balance found due the plaintiff, he may recover for such balances And if the partnership transactions were fully settled, and. satisfied,, either with money or by a negotiable note, as expressed in the-receipt, the plaintiff cannot recover, although the note remains unpaid, because he must resort to the note, which is an outstanding subsisting contract, and either sue on it, or produce and cancel it,, if he rely upon the common declaration.
As to the order on Kesling, if the evidence satisfies you that the-defendants were only to account for that when collected, then the-plaintiff cannot recover on it until there is proof of its payment, in whole or in part, or a discharge availing the defendant as money. If given without such condition, and it has availed the defendants asín oney, the plaintiff may recover without proof of payment.
766] *As to the receipt. If it were given for the fraudulent, purpose of covering up the property of the plaintiff, when that fact appears neither party will be permitted to derive advantage from-, the use of the fraudulent instrument. Its notice may be shown, and if ascertained tobe fraudulent, courts of justice will not restore-either party to what he has parted with under the arrangement, but. leave the parties just where they have placed themselves.
Verdict and judgment for the plaintiff.